## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                     **MEMORANDUM OF LAW & ORDER**
                                     Criminal File No. 14-305 (MJD)

Susan Elizabeth Walker,

       Defendant.

Harry M. Jacobs, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Susan Elizabeth Walker is *pro se.*

## I.      Introduction

This matter is before the Court on Defendant Susan Elizabeth Walker's

Motion for Early Termination of Supervised Release.  (Doc. 119.)  For the reasons

stated below, the Court will grant Defendant's Motion.

## II.     Background

On October 15, 2014, Defendant pled guilty to mail fraud and tax evasion,

in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7201.  (Doc. 7.)  On December 22,

2015, this Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 88 months, followed by 3 years of supervised release.  (Doc. 58.)

Defendant was released to a residential reentry center in May 2020 and then to home confinement thereafter.  Her term of supervised release commenced on January 13, 2022.  Defendant has complied with the terms and conditions of her supervised release since it began, including by making monthly payments toward her restitution amount.

## III.   Discussion

### A.   Legal Standard

Under 18 U.S.C. § 3583(e)(1) the Court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  This statutory provision also encourages courts to look to the sentencing considerations set forth in 18 U.S.C. § 3553 when determining whether to grant a motion for early termination of supervised release.  Further, the United States Sentencing Guidelines state that the Court "is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, cmt. (n.5).

### B.     Defendant's Motion for Early Termination

Defendant advances several arguments in support of her request for her

term of supervised release to be terminated early.  For its part, the United States

Probation and Pretrial Services Office opposes Defendant's request as a matter of

internal policy.  However, the Probation Office also notes that it planned to

assess Defendant for early termination in just a few months and agrees that

Defendant has done well on supervision so far.  The Government has submitted

a response opposing Defendant's Motion, noting that it defers to the judgment of

the Probation Office.  (Doc. 122.)

As described above, Defendant has complied with the terms of her

supervised release over the past 15 months.  She is employed and continues to

volunteer with Alcoholics Anonymous.

Defendant also notes that her term of supervised release would be much

further along if she had benefited from a new earned-time credit rule the BOP

has implemented pursuant to the First Step Act.  See Dyer v. Fulgam, No. 1:21-

CV-299-CLC-CHS, 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022) (applying

provision of First Step Act toward defendant's term of supervised release).

Defendant argues that she completed a significant amount of beneficial

programming while in BOP custody that would have qualified for credit under this new rule.

The Court need not decide whether Defendant's interpretation of the BOP's new earned-time credit policy is correct or not.  But the Court does note that Defendant's participation in job skills training and other beneficial programming while in BOP custody weighs in favor of granting her request for early termination of her supervised release.  Defendant's positive record at a residential reentry center, in home confinement, and on supervised release also weigh in favor of terminating her supervised release early.  Further, Defendant is employed and making payments toward her restitution amount.

The Court finds that the facts described above outweigh the Probation Office and the Government's opposition to Defendant's Motion in this case. Accordingly, the Court will exercise its discretion to grant Defendant's Motion and terminate her supervised release in accordance with her request, on May 10, 2023, which will mark three years since Defendant's release from BOP custody.

## ORDER

Based on Defendant's Motion, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Early

Termination of Supervised Release (Doc. 119) is **GRANTED** and Defendant's

term of supervised release is terminated as of **May 10, 2023**.


Dated:   April 25, 2023                                   s/Michael J. Davis
                                                          Michael J. Davis
                                                          United States District Court